UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 20-8874-JGB (MAR)**                                      Date: April 15, 2021

Title:  ***Raynel Dorrough v. Warden Ron Broomfield***

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Connie Chung | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE WHY RESPONDENT'S MOTION TO DISMISS SHOULD NOT BE GRANTED**

# I.
# INTRODUCTION

Petitioner, Raynel Dorrough ("Petitioner"), by and through counsel, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his 2017 conviction for assault with a firearm, criminal threats, and unlawful firearm activity. ECF Docket No. ("Dkt.") 1 at 6. The Petition alleges two due process claims. See id. at 26, 31, 35. Respondent filed a Motion to Dismiss contending Petitioner failed to exhaust state remedies for the second claim. Dkt. 15 at 1. The second claim appears subject to dismissal because it is unexhausted. The Court will not make a final determination regarding whether the claim should be dismissed, however, without giving Petitioner an opportunity to request a stay or file an amended petition.

# II.
# PROCEDURAL HISTORY

**A.   STATE COURT PROCEEDINGS**

On October 17, 2017, following a jury trial in the Los Angeles County Superior Court, Petitioner was found guilty of four counts of assault with a firearm in violation of section 245(b) of the California Penal Code ("Counts 1-4"), two counts of criminal threats in violation of section 422 of the California Penal Code ("Count 5-6"), and one count of unlawful firearm activity in violation of section 29820(b) of the California Penal Code ("Count 7"). Dkt. 1 at 1; Lodg. 21 at 7. The jury

---

[1] The Court's citations to Lodged Documents refer to documents lodged in support of Respondent's January 25, 2021 Motion to Dismiss. See Dkt. 15. Respondent identifies the documents in dkt. 11, as follows:
  1. Appellate Courts Case Information, dated October 6, 2020 for California Supreme Court case number S258169 ("Lodg. 1")
  2. Petition for review, filed on September 24, 2019 for California Supreme Court case number S258169 ("Lodg. 2")
  3. Denial order, filed on October 30, 2019 for California Supreme Court case number S258169 ("Lodg. 3")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 20-8874-JGB (MAR)**                                                                Date: April 15, 2021

Title:  **_Raynel Dorrough v. Warden Ron Broomfield_**

also found true the special allegation that Petitioner personally used a firearm in the commission of Counts 1-6, in violation of section 12022.5 of the California Penal Code.  Lodg. 2 at 7, 22-23.  Petitioner was sentenced to twelve years and four months in prison.  Id.

Petitioner timely appealed his convictions to the California Court of Appeal.  Dkt. 1 at 46-53.  In his appeal, Petitioner presented three issues:

1. The trial court erred in admitting evidence pertaining to his possession of a gun in October 2016 and November 2016, violating the California Evidence Code and Petitioner's due process rights;

2. The prosecutor's failure to disclose Petitioner's statement to the booking officer constituted a discovery violation under section 1054 et seq. of the California Penal Code and therefore the statement should have been excluded; and

3. Petitioner was entitled to a remand for the trial court to consider whether to strike the firearm enhancement, pursuant to a recent amendment.

Id.  On August 15, 2019, the California Court of Appeal affirmed the judgment but vacated the sentence and remanded the matter to the trial court to consider striking the firearm enhancement.  Lodg. 2 at 19, 30-32.

On September 24, 2019, Petitioner filed a petition for review in the California Supreme Court.  Lodg. 1.  In his petition for review, Petitioner only presented the first two issues addressed in his appeal to the California Court of Appeal.  See Lodg. 2.  On October 30, 2019, the California Supreme Court denied review.  Lodg. 3.

**B.     FEDERAL HABEAS PROCEEDINGS**

On August 28, 2020, Petitioner filed the instant Petition challenging his 2017 conviction.  Dkt. 1.  The Petition appears to present the following two claims:

1. Petitioner's right to due process and a fair trial was violated when the trial court admitted unduly prejudicial evidence of Petitioner's connections to firearms ("Claim One"); and

2. Petitioner's right to due process was violated when the trial court concluded there was no discovery violation and failed to exclude a statement made by Petitioner during booking ("Claim Two").

Id. at 26, 31, 35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 20-8874-JGB (MAR)**                                      Date: April 15, 2021

Title:       **Raynel Dorrough v. Warden Ron Broomfield**

On January 25, 2021, Respondent filed a Motion to Dismiss contending Petitioner failed to exhaust his state remedies for Claim Two. Dkt. 15 at 1. On February 12, 2021, Petitioner filed an Opposition in which he argues that Claim Two is "technically exhausted" and should be considered on the merits because it falls within an exception to any procedural default. Dkt. 17 at 2-3.

**III.
DISCUSSION**

**CLAIM TWO APPEARS SUBJECT TO DISMISSAL**

**A.      CLAIM TWO HAS NOT BEEN PROPERLY EXHAUSTED**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

Here, although Petitioner filed a petition for review of the California Court of Appeal decision with the California Supreme Court, his petition did not include Claim Two. Dkt. 1, Lodg. 2. In his petition for review, Petitioner argued that the prosecutor's failure to disclose Petitioner's statement to the booking officer constituted a discovery violation under section 1054 et seq. of the California Penal Code and therefore the statement should have been excluded. Lodg. 2 at 12-15. This claim is related to, but distinct from, Claim Two: that Petitioner's due process rights were violated when the trial court admitted Petitioner's statement to the booking officer. Petitioner did not identify this "federal legal basis" for his discovery-related claim in his petition for review, and as such, the state courts have not had "one full opportunity" to decide Claim Two. See O'Sullivan, 526 U.S. at 845; Gatlin, 189 F.3d at 888. Indeed, Petitioner does not argue Claim Two is identical to the discovery claim presented in his petition for review and seems to concede that Claim Two has not been fairly presented to the California Supreme Court. Dkt. 17 at 2-4. Accordingly, Claim Two has not been properly exhausted and appears subject to dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 20-8874-JGB (MAR)**                                               Date: April 15, 2021

Title:  ***Raynel Dorrough v. Warden Ron Broomfield***

**B.  PETITIONER HAS NOT SHOWN THAT CLAIM TWO IS "TECHNICALLY EXHAUSTED"**

A claim that was not "properly exhausted," however, may be "technically exhausted" if the claim is procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 732 (1991) (A petitioner who has "defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."); see also Smith v. Baldwin, 510 F.3d 1127, 1138 (9th Cir. 2007).  "If the petitioner fails to present his federal claims to the state's highest court, and if he is procedurally barred from presenting those claims to the appropriate state court at the time of filing his federal habeas petition, the petitioner's claims are considered procedurally defaulted for purposes of federal habeas review."  Smith, 510 F.3d at 1138 (citing O'Sullivan, 526 U.S. at 848).

A petitioner may overcome procedural default by demonstrating either (1) actual innocence or (2) cause and prejudice.  Smith, 510 F.3d at 1139.  To demonstrate "actual innocence," a petitioner must show that, "in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime."  Id. at 1140.

Here, Petitioner argues that Claim Two is "technically exhausted" because it could only have been raised in a petition for review in the California Supreme Court, the time for which has already expired.  Dkt. 17 at 2-4.  Accordingly, Petitioner contends Claim Two is procedurally defaulted, rather than unexhausted.  Id.  Petitioner asks the Court to consider Claim Two on the merits despite the procedural default because he has shown that "failure to consider [Claim Two] will result in a fundamental miscarriage of justice."  Dkt. 17 at 3; Smith, 510 F.3d at 1139 (citing Coleman, 501 U.S. at 750).  This pathway to overcome a procedural default is also known as the "actual innocence" exception.  Id.

Petitioner has not made it clear that Claim Two is procedurally defaulted.  Claim Two *could* still be raised before the California Supreme Court in a Petition for Habeas Corpus, though it is possible, likely even, that the claim would be dismissed for procedural reasons.  See Cross v. Sisto, 676 F.3d 1172 (9th Cir. 2012) ("California applies a reasonableness standard to determine whether state habeas petitions are timely filed."); see also In re Dixon, 41 Cal. 2d 756, 759 (1953) ("The general rule is that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances [constituting] an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction.").  However, even assuming Claim Two is procedurally defaulted, Claim Two would still be subject to dismissal because Petitioner has not claimed, nor sufficiently pled, "actual innocence."  Petitioner asserts that Claim Two involves Petitioner's "fundamental constitutional rights" and that Petitioner's "ability to present a defense [was undermined]" but does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 20-8874-JGB (MAR)**                                                                 Date: April 15, 2021

Title:  **_Raynel Dorrough v. Warden Ron Broomfield_**

not show how "in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime." Dkt. 17 3-4; Smith 510 F. 3d at 1139.

Accordingly, Claim Two appears subject to dismissal, either because it is unexhausted or procedurally defaulted. Petitioner argues, however, that if the Court does find Claim Two unexhausted, Petitioner should be given an opportunity to request a stay or file an amended petition. The Court agrees, and therefore will not make a final determination regarding whether the claim should be dismissed without giving Petitioner such an opportunity.

**IV.**
**ORDER**

Thus, the Court ORDERS Petitioner to respond to this Order to Show Cause **no later than April 29, 2021** by electing one of the following options:

1.       File a motion requesting a stay pursuant to either Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines stay") or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) ("Kelly stay"); or

2.       File a First Amended Petition, striking Claim Two.

If Petitioner fails to demonstrate he is entitled to a Rhines or Kelly stay, **or fails to respond by April 29 , 2021**, the Court will grant Respondent's Motion to Dismiss with respect to Claim Two.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | CC |